HARVEY & COMPANY
D. Peter Harvey (SBN 55712)
Caitlin C. Conway (SBN 315296)
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone:     (415) 926-7776
Facsimile:     (415) 402-0058
Email: pharvey@harvey.law
          cconway@harvey.law

Attorneys for Plaintiff,
Jack Daniel's Properties, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACK DANIEL'S PROPERTIES, INC., a Delaware corporation.<br><br>                    Plaintiff,<br><br>vs.<br><br>DYNASTY SPIRITS, INC., a Texas corporation, BUFFALO BAYOU DISTILLERIES, LLC D/B/A GULF COAST DISTILLERS, a Texas limited liability company,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL** |

-0-

COMPLAINT; DEMAND FOR JURY TRIAL

Plaintiff Jack Daniel's Properties, Inc. ("JDPI"), for its complaint against Defendants Dynasty Spirits, Inc. ("Dynasty") and Buffalo Bayou Distilleries, LLC d/b/a Gulf Coast Distillers ("Buffalo Bayou") (together, "Defendants") alleges as follows:

## PARTIES

1.    Plaintiff JDPI is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in San Rafael, California.

2.    Upon information and belief, defendant Dynasty Spirits, Inc. is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Dallas, Texas.

3.    Upon information and belief, defendant Buffalo Bayou Distilleries, LLC is a Texas limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Houston, Texas.  In doing the things and carrying out the acts and omissions alleged herein, Buffalo Bayou Distilleries, LLC sometimes operated under the name "Gulf Coast Distillers."

## JURISDICTION AND VENUE

4.    This is an action for infringement of federally registered trademarks and federally-registered trade dress, in violation of 15 U.S.C. § 1114(1); for trade dress infringement in violation of 15 U.S.C. § 1125(a)(1); for dilution of trademarks in violation of 15 U.S.C. § 1125(c); for dilution of trade dress in violation of 15 U.S.C. § 1125(c); for false advertising in violation of 15 U.S.C. § 1125(a)(1)(B); for trademark infringement under California law; for trade dress infringement under California law; for trademark dilution under California law; for trade dress dilution under California law; and for trademark infringement, trade dress infringement, and unfair competition under California law.  The Court has jurisdiction over the subject matter of plaintiff's claims for relief arising under the United States Trademark Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).  The Court has original or supplemental jurisdiction over the subject matter of plaintiff's claims for relief under state law pursuant to 28 U.S.C. §§ 1338(b) and 1367.

5.    The Court has personal jurisdiction over Defendants because they do business in the State of California by, among other things, selling products, including the unlawful products at issue

COMPLAINT; DEMAND FOR JURY TRIAL

in this action.  On information and belief, Defendants cause the unlawful products to be sold to distributors in California and elsewhere for resale by retailers in California, including within this Judicial District.

6.     Venue is proper in this Court under 28 U.S.C. Section 1391(b)(1) and (2) and Section 1391(c) because a substantial part of the events giving rise to the claims asserted herein occurred in this Judicial District.

## INTRADISTRICT ASSIGNMENT

7.     This action will be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### The Jack Daniel's Trademarks and Trade Dress

8.     JDPI owns and licenses the use of the trademarks and trade dress used in connection with Jack Daniel's Tennessee whiskey and other Jack Daniel's products.  Tennessee whiskey has been sold in the United States under the JACK DANIEL'S mark continuously since 1875, except during Prohibition, making Jack Daniel's Tennessee whiskey one of the oldest, longest-selling, and most iconic consumer products in American history.

9.     Since long prior to the commencement of Defendants' acts of infringement, dilution, and unfair competition complained of herein, and continuously to the present, Jack Daniel's Tennessee whiskey has been sold in packaging embodying an iconic trade dress consisting of a square bottle with angled shoulders, beveled corners, and a ribbed neck, a black cap, a black neck wrap closure with white printing bearing the OLD. NO. 7 mark, and a label with a white on black color scheme bearing the JACK DANIEL'S mark depicted in arched lettering at the top of the label, and the words "Tennessee Sour Mash Whiskey" in the lower portion of the label, with the word "Tennessee" depicted in script (the "Jack Daniel's Trade Dress").  Although minor changes have been made in the Jack Daniel's Trade Dress over the years, it has conveyed a consistent commercial impression for many decades.  The Jack Daniel's Trade Dress is depicted below:

//

//

COMPLAINT; DEMAND FOR JURY TRIAL



10.     JDPI owns numerous federal registrations for certain elements of the Jack Daniel's Trade Dress for distilled spirits, including whiskey.  These include United States Trademark Registration No. 4,106,178 for the three-dimensional configuration shown below of a square bottle container for "distilled spirits,"

COMPLAINT; DEMAND FOR JURY TRIAL

United States Trademark Registration No. 4,106,179 for the mark shown below for "distilled spirits,"



United States Trademark Registration No. 1,923,981 for the word mark JACK DANIEL'S for "whiskey," and United States Trademark Registration No. 582,789 for the stylized mark JACK DANIEL'S shown below for "whiskey" (collectively, the "JDPI Trademarks"):



Copies of the certificates of registration of these marks are attached hereto as **Exhibit 1**.  These registrations are valid and subsisting and have become incontestable.

11.     JDPI's predecessors-in-interest and licensees have expended many hundreds of millions of dollars over many decades advertising and promoting Tennessee whiskey under the JDPI Trademarks and the Jack Daniel's Trade Dress in the United States.  Such advertising and promotion have taken place in the print and electronic media, over the Internet, on billboards, on stadium signage, in film and television productions, and in a variety of other manners.  The primary print advertising campaign for Jack Daniel's Tennessee whiskey, which has prominently featured the Jack Daniel's Trade Dress, commenced in 1955 and has continued since then, making the campaign one of the longest continuous consumer advertising campaigns in American history.  Jack Daniel's Tennessee whiskey featuring the Jack Daniel's Trade Dress has been seen in numerous motion pictures and television programs viewed by many millions of Americans, and has also received extensive unsolicited media coverage and public exposure as the unofficial drink of choice of celebrities such as Frank Sinatra and George Clooney.

COMPLAINT; DEMAND FOR JURY TRIAL

12.     JDPI's predecessors-in-interest and licensees have achieved billions of dollars in sales of Jack Daniel's Tennessee whiskey in the United States under the JDPI Trademarks and the Jack Daniel's Trade Dress.  Jack Daniel's Tennessee whiskey is currently the best-selling whiskey in the United States, and the JACK DANIEL'S brand has consistently been ranked among the world's most successful and valuable alcoholic beverage brands.

13.     The Jack Daniel's Trade Dress is inherently distinctive, or achieved acquired distinctiveness long prior to the commencement of Defendants' acts of infringement, dilution, and unfair competition complained of herein by virtue of extensive sales and advertising of Jack Daniel's Tennessee whiskey featuring the Jack Daniel's Trade Dress, decades of consumption by the public of Jack Daniel's Tennessee whiskey packaged in the Jack Daniel's Trade Dress, extensive consumer recognition of the Jack Daniel's Trade Dress, and association of the Jack Daniel's Trade Dress with Jack Daniel's Tennessee whiskey.  The combination of elements comprising the Jack Daniel's Trade Dress is non-functional because it is not essential to the use or purpose of Jack Daniel's Tennessee whiskey and does not affect the cost or quality of the product.

14.     The JDPI Trademarks and the Jack Daniel's Trade Dress are famous in the United States for whiskey and distilled spirits, and they became famous long prior to Defendants' acts of infringement, dilution, and unfair competition alleged herein.  The Jack Daniel's Trade Dress has been adjudicated famous in the United States within the meaning of 15 U.S.C. § 1125(c)(2)(A).

**Defendants' Infringement of the Jack Daniel's Trademarks and Trade Dress**

15.     On information and belief, Defendants produce and sell the bourbon whiskies shown in **Exhibit 2** (collectively, the "Accused Whiskies"), including the Tennessee sour mash whiskey shown below (the "Accused Tennessee Whiskey").

//

//

//

//

//

//

COMPLAINT; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15      16.     The Accused Whiskies all feature a square bottle with angled shoulders, beveled

16  corners, and a ribbed neck (the "Accused Bottle"). The Accused Tennessee Whiskey also features a

17  black cap, a black neck wrap closure, and a black label bearing the LONEHAND mark in arched

18  lettering at the top of the label, with the word "whiskey" in script, and the words Tennessee Sour

19  Mash in the lower portion of the label (together with the Accused Bottle, the "Accused Trade Dress").

20      17.     On information and belief, Defendant Dynasty Spirits, Inc. owns the Accused Trade

21  Dress, in addition to distilling, adverting, and marketing the Accused Tennessee Whiskey. On

22  information and belief, Defendant Buffalo Bayou Distilleries, LLC, is primarily responsible for

23  labelling, packaging, and shipping the Accused Whiskies in the Accused Trade Dress and Accused

24  Bottle.  Defendants have pursued a pattern of conduct and an intentional business strategy designed to

25  mislead and deceive consumers into believing that the Accused Whiskies are made, put out, licensed

26  or sponsored by, or affiliated or associated with, Jack Daniel's and thereby to unjustly enrich

27  themselves by capitalizing on the goodwill inherent in the JDPI Trademarks and the Jack Daniel's

28  Trade Dress.

COMPLAINT; DEMAND FOR JURY TRIAL

18.     The parties advertise and promote their respective products in the same marketing channels.  Likewise, they distribute and sell them in the same channels of trade to the same classes of customers.  The Accused Tennessee Whiskey and Jack Daniel's Tennessee whiskey inhabit the exact same product category, namely, Tennessee sour mash whiskey.

19.     On information and belief, Defendants and their agents have instructed retailers to display the Accused Tennessee Whiskey adjacent to Jack Daniel's Tennessee whiskey and to use promotional materials that employ elements of the Jack Daniels Trade Dress, including white on black shading and arched lettering, such as shown below:



20.     When Defendants began using the Accused Trade Dress and Accused Bottle, they knew about the famous JDPI Trademarks and the famous Jack Daniel's Trade Dress.  Upon information and belief, Defendants intentionally and willfully adopted the Accused Trade Dress and Accused Bottle to trade upon the goodwill in the JDPI Trademarks and the Jack Daniel's Trade Dress.

21.     The Jack Daniel's Trade Dress, on the one hand, and the Accused Trade Dress and Accused Bottle, on the other hand, convey a very similar impression in the marketplace, such that consumers of the parties' respective products are likely to believe that they come from the same source, or otherwise share a common sponsorship or affiliation.  Defendants' use of the Accused Trade Dress and Accused Bottle in connection with whiskey, and the merchandising thereof, is likely to cause consumers and prospective purchasers of the Accused Whiskies to believe mistakenly that

COMPLAINT; DEMAND FOR JURY TRIAL

1   they originate with, or are licensed, authorized, or sponsored by, the owner of the JDPI Trademarks

2   and the Jack Daniel's Trade Dress, and/or that there is a business relationship, affiliation, connection,

3   or association, between Defendants and the owner of the JDPI Trademarks and the Jack Daniel's

4   Trade Dress.

5          22.      Defendants' use of the Accused Trade Dress is also likely to dilute the famous JDPI

6   Trademarks and the famous Jack Daniel's Trade Dress by blurring and by tarnishment.  The

7   similarities of the Accused Trade Dress and the Jack Daniel's Trade Dress have impaired, and will

8   continue to impair, the distinctive quality of the Jack Daniel's Trade Dress in the marketplace. In

9   addition, although only recently introduced, the Accused Tennessee Whiskey has already received

10  highly critical customer reviews, indicating that said product is of inferior quality.  Examples of these

11  reviews include the following:

12          On April 4, 2018, a reviewer wrote: "[T]he worst whiskey or bourbon i have ever
13          had. taste like ....a word that total wine wont let me post, even with coke. . . . this
            is pure urine in a bottle . i will not even give this to people i dont like . its bad ...
14          bad......bad. do not buy unless its a joke gift i will be dumping out ...its that bad."

15          On April 5, 2018, a reviewer wrote: "I tried this as a cheaper alternative to Jack.
16          I should have stuck with Evan Williams. This whiskey does not appeal to me. I
            have tried it chilled, on the rocks, with water, neat and out of the freezer. Stuff
17          that comes out of a plastic bottle tastes better. Just not for me. There's an aftertaste
            that I can't describe, But there are no hints of vanilla or caramel, doesn't even go
18          good with a cigar."

19          On April 8, 2018, a reviewer wrote: "Do not recommend this as a cheaper
20          alternative to Jack Daniels. Weird aftertaste even with a mixer. If I could return
            this I would."
21
            On April 14, 2018, a reviewer wrote: "I bought a 750 of this on whim at the
22          register to see if it was an adequate substitute for Jack Daniels. . . . It has been
23          awful in every presentation. The initial wash across the tastebuds is unpleasant
            and the aftertaste is worse. . . . The remainder is going down the drain. I'd be
24          ashamed to even offer this at parties to people who don't know any better."

25          On April 19, 2018, a reviewer wrote: "Swill – Compared to Jack Daniels by a
26          store employee (but at a bargain price!). This is to Jack Daniels what a pogo stick
            is to a BMW. Avoid. I wouldn't make whiskey sour with this stuff. Further, it
27          inclines me to shoo away store employees trying to offer guidance on anything
            beverage related. If your buyer made a mistake, punish the buyer not the
28          customers."

Association with the Accused Tennessee Whiskey has harmed and will, unless enjoined by this Court, continue to harm the carefully-nurtured, high quality reputation of Jack Daniel's Tennessee whiskey and the famous JDPI Trademarks and Jack Daniel's Trade Dress among consumers and prospective consumers, thereby causing JDPI irreparable injury.

23. Finally, Defendants have unlawfully marketed the Accused Tennessee Whiskey using a false and misleading representation of fact on the Accused Trade Dress. In particular, the front label of the Accused Tennessee Whiskey states "Estd. 1983" (the "Accused Statement"), as shown below:



As a result of the Accused Statement, consumers are likely to believe incorrectly that the Accused Tennessee Whiskey, its distiller, and/or its brand were "established" in 1983. On information and belief, neither the Accused Tennessee Whiskey, nor its distiller, nor its brand were "established" in 1983. On information and belief, Defendant Dynasty Spirits, Inc. was incorporated in 2012, Defendant Buffalo Bayou Distilleries, LLC was formed in 2014, and the LONEHAND brand was first used in commerce this year. By making the Accused Statement, Defendants have materially and deliberately deceived consumers about their history, brand, and Accused Tennessee Whiskey. In doing so, Defendants have attempted to gain market share for their Accused Tennessee Whiskey at the expense of Jack Daniel's Tennessee whiskey.

## FIRST CLAIM FOR RELIEF

### (Infringement of Federally-Registered Trademarks and Federally-Registered Trade Dress)

24. JDPI repeats and realleges the above allegations as if fully set forth herein.

COMPLAINT; DEMAND FOR JURY TRIAL

25. Defendants' use of the Accused Trade Dress and Accused Bottle in the manufacture, advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Whiskies as aforesaid constitute the use in commerce, on or in connection with Defendants' goods, of reproduction, copies, or colorable imitation of JDPI's federally registered trademarks and federally registered trade dress, which is likely to cause confusion, to cause mistake, or to deceive, in violation of § 32(1) of the United States Trademark Act, 15 U.S.C. § 1114(1).

26. Defendants' willful and deliberate infringement of JDPI's federally-registered trademarks and federally-registered trade dress as aforesaid has caused and is likely to continue to cause substantial injury to the public and to JDPI, and JDPI is entitled to injunctive relief and its attorneys' fees and costs under §§ 32, 34, 35, and 36 of the United States Trademark Act, 15 U.S.C. §§ 1114, 1116, 1117, and 1118.

27. Defendants' infringement of JDPI's federally-registered trademarks and federally-registered trade dress as aforesaid has caused and is likely to continue to cause irreparable harm to JDPI. Unless restrained and enjoined by this Court, Defendants will persist in their infringement, thereby causing JDPI further irreparable harm.

28. JDPI has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement in Violation of Federal Law)

29. JDPI repeats and realleges the above allegations as if fully set forth herein.

30. Defendants' use of the Accused Trade Dress and Accused Bottle in the manufacture, advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Product as aforesaid constitute infringement of the Jack Daniel's Trade Dress through use in commerce, in connection with Defendants' goods, of a combination of symbols or devices, a false designation or origin, and a false or misleading description of fact, that is likely to cause confusion, or to cause mistake, or to deceive, as to the origin, sponsorship, or approval of Defendants' use of the Accused Trade Dress and Accused Bottle and commercial activities with or by JDPI, in violation of § 43(a)(1) of the United States Trademark Act, 15 U.S.C. § 1125(a)(1).

//

31.     Defendants' willful and deliberate infringement of the Jack Daniel's Trade Dress as aforesaid has caused and is likely to continue to cause substantial injury to the public and to JDPI, and JDPI is entitled to injunctive relief and its attorneys' fees and costs under §§ 32, 34, 35, and 36 of the United States Trademark Act, 15 U.S.C. §§ 1114, 1116, 1117, and 1118.

32.     Defendants' infringement of the Jack Daniel's Trade Dress as aforesaid has caused and is likely to continue to cause irreparable harm to JDPI.  Unless restrained and enjoined by this Court, Defendants will persist in their infringement, thereby causing JDPI further irreparable harm.

33.     JDPI has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### (Dilution of JDPI Trademarks in Violation of Federal Law)

34.     JDPI repeats and realleges the above allegations as if fully set forth herein.

35.     Defendants' use of the Accused Trade Dress in the manufacture, advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Tennessee Whiskey as aforesaid is likely to cause dilution by blurring and by tarnishment of the JDPI Trademarks, which became famous in California and throughout the United States before Defendants commenced their use of the Accused Trade Dress, by eroding the public's exclusive identification of the famous JDPI Trademarks with JDPI, lessening the capacity of the famous JDPI Trademarks to identify and distinguish the goods and services sold under and connection with it, and otherwise harming the reputation of said trademarks, in violation of § 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

36.     Upon information and belief, Defendants willfully and deliberately intended to trade on the reputation and goodwill of the JDPI Trademarks, or to cause dilution of the JDPI Trademarks.

37.     Defendants have diluted and are likely to continue to dilute the distinctiveness of the famous JDPI Trademarks, and JDPI is entitled to injunctive relief and its attorneys' fees and costs under §§ 34, 35, 36, and 43(c) of the United States Trademark Act, 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c).

//

//

-11-

COMPLAINT; DEMAND FOR JURY TRIAL

38.     Defendants' dilution of the JDPI Trademarks as aforesaid has caused and continues to cause irreparable harm to JDPI.  Unless restrained and enjoined by this Court, Defendants will persist in their dilution, thereby causing JDPI further irreparable harm.

39.     JDPI has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### (Dilution of Jack Daniel's Trade Dress in Violation of Federal Law)

40.     JDPI repeats and realleges the above allegations as if fully set forth herein.

41.     Defendants' use of the Accused Trade Dress in the manufacture, advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Tennessee Whiskey as aforesaid is likely to cause dilution by blurring and by tarnishment of the Jack Daniel's Trade Dress, which became famous in California and throughout the United States long before Defendants commenced their use of the Accused Trade Dress, by eroding the public's exclusive identification of the famous Jack Daniel's Trade Dress with JDPI, lessening the capacity of the famous JDPI Trade Dress to identify and distinguish the goods and services sold under and connection with it, and otherwise harming the reputation of the famous JDPI Trade Dress, in violation of § 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

42.     Upon information and belief, Defendants willfully and deliberately intended to trade on the reputation and goodwill of the Jack Daniel's Trade Dress, or to cause dilution of the Jack Daniel's Trade Dress.

43.     Defendants have diluted and are likely to continue to dilute the distinctiveness of the famous Jack Daniel's Trade Dress, and JDPI is entitled to injunctive relief and its attorneys' fees and costs under §§ 34, 35, 36, and 43(c) of the United States Trademark Act, 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c).

44.     Defendants' dilution of the Jack Daniel's Trade Dress as aforesaid has caused and continues to cause irreparable harm to JDPI.  Unless restrained and enjoined by this Court, Defendants will persist in their dilution, thereby causing JDPI further irreparable harm.

45.     JDPI has no adequate remedy at law.

//

COMPLAINT; DEMAND FOR JURY TRIAL

## FIFTH CLAIM FOR RELIEF

### (False Advertising in Violation of Federal Law)

46.     JDPI repeats and realleges the above allegations as if fully set forth herein.

47.     Defendants' use of the Accused Trade Dress in the manufacture, advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Tennessee Whiskey as aforesaid constitutes false advertising in violation of 15 U.S.C.A. § 1125(a)(1)(B).

48.     The Accused Statement is a false and misleading representation of fact concerning Defendants' history, commercial activities, and Accused Tennessee Whiskey.  As a result of the Accused Statement, consumers will falsely believe that the Accused Tennessee Whiskey, its distiller, and/or its brand were "established" in 1983.

49.     The Accused Statement is material, and consumers will rely on it.  The Accused Statement lends an imprimatur of pedigree and legitimacy to the Accused Tennessee Whiskey that it otherwise lacks.  As a result of the Accused Statement, consumers are more likely to purchase the Accused Tennessee Whiskey than they otherwise would be.

50.     On information and belief, Defendants intend the Accused Statement to persuade consumers to purchase the Accused Tennessee Whiskey instead of Jack Daniel's Tennessee whiskey, and some consumers have purchased the Accused Tennessee Whiskey instead of Jack Daniel's Tennessee whiskey because of the Accused Statement, as well as Defendant's other acts of infringement and unfair competition alleged herein.

51.     Defendants' false advertising as aforesaid has caused irreparable harm to JDPI.  Unless restrained and enjoined by this Court, Defendants will persist in their false advertising as aforesaid, thereby causing JDPI further irreparable harm.

52.     JDPI has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### (Trademark Dilution in Violation of California Law)

53.     JDPI repeats and realleges the above allegations as if fully set forth herein.

54.     Defendants' use of the Accused Trade Dress in the manufacture, advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Tennessee

COMPLAINT; DEMAND FOR JURY TRIAL

1    Whiskey as aforesaid in commerce in California began long after the JDPI Trademarks became well-

2    known, distinctive, and famous in California and throughout the United States, and dilutes the

3    distinctive quality of the JDPI Trademarks, in violation of Cal. Bus. & Prof. Code § 14247.

4         55.     Upon information and belief, Defendants willfully intended to trade on the reputation

5    and goodwill associated with the JDPI Trademarks and to cause dilution of the JDPI Trademarks.

6         56.     Defendants' dilution of the JDPI Trademarks as aforesaid has caused irreparable harm

7    to JDPI.  Unless restrained and enjoined by this Court, Defendants will persist in their dilution,

8    thereby causing JDPI further irreparable harm.

9         57.     JDPI has no adequate remedy at law.

10                           **SEVENTH CLAIM FOR RELIEF**

11                    **(Trade Dress Dilution in Violation of California Law)**

12        58.     JDPI repeats and realleges the allegations in the above paragraphs as if fully set forth

13   herein.

14        59.     Defendants' use of the Accused Trade Dress in the manufacture, advertisement,

15   promotion, display, shipment, offering for sale, sale, and distribution of the Accused Tennessee

16   Whiskey as aforesaid in California began long after the Jack Daniel's Trade Dress became well-

17   known, distinctive, and famous in California and throughout the United States, and dilutes the

18   distinctive quality of the Jack Daniel's Trade Dress, in violation of Cal. Bus. & Prof. Code § 14247.

19        60.     Upon information and belief, Defendants willfully intended to trade on the reputation

20   and goodwill associated with the Jack Daniel's Trade Dress and to cause dilution of the Jack Daniel's

21   Trade Dress.

22        61.     Defendants' dilution of the Jack Daniel's Trade Dress as aforesaid has caused

23   irreparable harm to JDPI.  Unless restrained and enjoined by this Court, Defendants will persist in

24   their dilution, thereby causing JDPI further irreparable harm.

25        62.     JDPI has no adequate remedy at law.

26                           **EIGHTH CLAIM FOR RELIEF**

27                 **(Common Law Trademark Infringement and Unfair Competition)**

28        63.     JDPI repeats and realleges the above as if fully set forth herein.

-14-

COMPLAINT; DEMAND FOR JURY TRIAL

64.     Defendants' use of the Accused Trade Dress and Accused Bottle in the manufacture, advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Whiskies as aforesaid constitutes infringement of the JDPI Trademarks and unfair competition at common law.

65.     Defendants' trademark infringement and unfair competition as aforesaid has caused irreparable harm to JDPI.  Unless restrained and enjoined by this Court, Defendants will persist in their trademark infringement and unfair competition as aforesaid, thereby causing JDPI further irreparable harm.

66.     JDPI has no adequate remedy at law.

## NINTH CLAIM FOR RELIEF

### (Common Law Trade Dress Infringement and Unfair Competition)

67.     JDPI repeats and realleges the above allegations as if fully set forth herein.

68.     Defendants' use of the Accused Trade Dress and Accused Bottle in the manufacture, advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Whiskies as aforesaid constitutes infringement of the Jack Daniel's Trade Dress and unfair competition at common law.

69.     Defendants' trade dress infringement and unfair competition as aforesaid has caused irreparable harm to JDPI.  Unless restrained and enjoined by this Court, Defendants will persist in their trade dress infringement and unfair competition as aforesaid, thereby causing JDPI further irreparable harm.

70.     JDPI has no adequate remedy at law.

## TENTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of California Law)

71.     JDPI repeats and realleges the above allegations as if fully set forth herein.

72.     Defendants' use of the Accused Bottle and Accused Trade Dress, including the Accused Statement, in the manufacture, advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Whiskies as aforesaid constitutes trademark infringement,

1  trade dress infringement, false advertising, and unfair competition in violation of Cal. Bus. & Prof.

2  Code § 17200 *et seq*., including Cal. Bus. & Prof. Code § 17203.

3       73.    Defendants' trademark infringement, trade dress infringement, false advertising, and

4  unfair competition as aforesaid has caused irreparable harm to JDPI.  Unless restrained and enjoined

5  by this Court, Defendants will persist in their trademark infringement, trade dress infringement, false

6  advertising, and unfair competition as aforesaid, thereby causing JDPI further irreparable harm.

7       74.    JDPI has no adequate remedy at law.

8                                **PRAYER FOR RELIEF**

9       WHEREFORE, plaintiff JDPI prays for judgment as follows:

10      1.     That defendants Dynasty Spirits, Inc. and Buffalo Bayou Distilleries, LLC, and their

11  respective owners, officers, agents, servants, employees, and attorneys, and all other persons in active

12  concert or participation with them, or any of them, who receive actual notice of the injunctions

13  prayed for herein by personal service or otherwise, be preliminarily and then permanently restrained

14  and enjoined from:

15      (a)    Manufacturing, advertising, promoting, displaying, shipping, offering for sale, selling,

16  or distributing the Accused Whiskies bearing the Accused Trade Dress, using the Accused Bottle, or

17  displaying the Accused Statement;

18      (b)    Manufacturing, advertising, promoting, displaying, shipping, offering for sale, selling,

19  or distributing any other alcoholic beverage bearing the Accused Trade Dress or using the Accused

20  Bottle, or any other copy, reproduction, or colorable imitation of JDPI's registered trademarks and

21  the Jack Daniel's Trade Dress, or any other mark or trade dress that is confusingly similar thereto;

22  and

23      (c)    Manufacturing, advertising, promoting, displaying, shipping, offering for sale, selling,

24  or distributing any other alcoholic beverage that dilutes the distinctiveness of the famous JDPI

25  Trademarks and/or the famous Jack Daniel's Trade Dress; and

26      (d)    Doing any other act or thing that is likely to cause persons to believe that Defendants'

27  goods or commercial activities originate with, or are licensed, sponsored, or authorized by, JDPI;

28  //

COMPLAINT; DEMAND FOR JURY TRIAL

2.      That Defendants be ordered, pursuant to 15 U.S.C. § 1116, to file with the Court and to serve on counsel for JDPI, within 30 days after the entry of judgment herein, a written report under oath setting forth in detail the manner in which it has complied with the injunction ordered by the Court;

3.      That Defendants be ordered, pursuant to 15 U.S.C. § 1118, to deliver up to the Court for destruction or other disposition all labels, signs, prints, packages, wrappers, receptacles, and advertisements and promotional materials showing the Accused Trade Dress or Accused Bottle, and all plates, molds, matrices, and other means of making the same;

4.      That Defendants be ordered, jointly and severally and pursuant to 15 U.S.C. § 1117(a), to account for and pay to JDPI all of their profits from the sale of the Accused Whiskies bearing the Accused Trade Dress or using the Accused Bottle, and that such profits be enhanced on the basis of their willful infringement of JDPI's federally-registered marks, willful infringement of the Jack Daniel's Trade Dress, willful false advertising, and willful unfair competition;

5.      That Defendants be ordered, jointly and severally and pursuant to 15 U.S.C. § 1117(a), to pay to JDPI all damages sustained by JDPI as a result of their infringement, false advertising, and unfair competition, and that such award be trebled on the basis of their willful infringement of JDPI's federally-registered marks, willful infringement of the Jack Daniel's Trade Dress, willful false advertising, and willful unfair competition;

6.      That the Court determine that this matter is an "exceptional case," and accordingly that Defendants be ordered, jointly and severally and pursuant to 15 U.S.C. § 1117(a), to pay to JDPI its attorneys' fees and the costs and expenses of this action;

7.      That JDPI be granted such other and further relief as the Court may deem just and proper.

//

//

//

//

//

1

## DEMAND FOR JURY TRIAL

2          Pursuant to Federal Rule of Civil Procedure 38, JDPI hereby demands a trial by jury on all

3  issues so triable.

4  Dated:  April 20, 2018                  Respectfully submitted,

5                                  HARVEY & COMPANY
                                  D. PETER HARVEY

6                                  CAITLIN C. CONWAY

7

8                            By:     /s/ D. Peter Harvey
                                    D. Peter Harvey

9

10                            Attorneys for Plaintiff,
                            JACK DANIEL'S PROPERTIES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT; DEMAND FOR JURY TRIAL

# EXHIBIT 1

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,106,178**

**Registered Feb. 28, 2012**

**Int. Cl.: 33**

**TRADEMARK**

**PRINCIPAL REGISTER**

JACK DANIEL'S PROPERTIES, INC. (DELAWARE CORPORATION)
SUITE 528
4040 CIVIC CENTER DRIVE
SAN RAFAEL, CA 94903

FOR: ALCOHOLIC BEVERAGES, NAMELY, DISTILLED SPIRITS, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 6-30-2011; IN COMMERCE 6-30-2011.

THE NAME(S), PORTRAIT(S), AND/OR SIGNATURE(S) SHOWN IN THE MARK DOES NOT IDENTIFY A PARTICULAR LIVING INDIVIDUAL.

THE MARK CONSISTS OF THE THREE-DIMENSIONAL CONFIGURATION OF THE SQUARE SHAPED BOTTLE CONTAINER FOR THE GOODS, HAVING AN EMBOSSED RIDGE OR SCALLOPED DESIGN ON THE NECK PORTION OF THE BOTTLE, AND AN EMBOSSED SIGNATURE DESIGN COMPRISED OF THE WORDS "JACK DANIEL".

SN 85-018,906, FILED 4-20-2010.

PAM WILLIS, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,106,179**

**Registered Feb. 28, 2012**

**Int. Cl.: 33**

**TRADEMARK**

**PRINCIPAL REGISTER**

JACK DANIEL'S PROPERTIES, INC. (DELAWARE CORPORATION)
SUITE 528
4040 CIVIC CENTER DRIVE
SAN RAFAEL, CA 94903

FOR: ALCOHOLIC BEVERAGES, NAMELY, DISTILLED SPIRITS, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 6-30-2011; IN COMMERCE 6-30-2011.

OWNER OF U.S. REG. NOS. 1,942,451, 2,789,278, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BRAND" AND "TENNESSEE SOUR MASH WHISKEY", APART FROM THE MARK AS SHOWN.

THE STIPPLING IS A FEATURE OF THE MARK AND DOES NOT INDICATE COLOR.

THE NAME "JACK DANIEL'S" DOES NOT IDENTIFY A LIVING INDIVIDUAL.

THE MARK CONSISTS OF THE STYLIZED WORDING "JACK DANIEL'S OLD NO. 7 BRAND TENNESSEE SOUR MASH WHISKEY" AND AN OVAL SHAPED DESIGN IN THE CENTER WITH A FILIGREE APPEARING AROUND THE BORDER.

SN 85-018,910, FILED 4-20-2010.

PAM WILLIS, EXAMINING ATTORNEY

*David J. Kappos*

Director of the United States Patent and Trademark Office

Int. Cl.: 33

Prior U.S. Cls.: 47 and 49

## United States Patent and Trademark Office

Reg. No. 1,923,981
Registered Oct. 3, 1995

### TRADEMARK
#### PRINCIPAL REGISTER

## JACK DANIEL'S

JACK DANIEL DISTILLERY, LEM MOTLOW, PROP., INC. (KENTUCKY CORPORATION) LYNCHBURG, TN 37352

    FOR: WHISKEY, IN CLASS 33 (U.S. CLS. 47 AND 49).
    FIRST USE 0–0–1875; IN COMMERCE 0–0–1875.

OWNER OF U.S. REG. NOS. 323,914, 441,002 AND OTHERS.
THE NAME "JACK DANIEL'S" DOES NOT IDENTIFY A LIVING INDIVIDUAL.

    SER. NO. 74–575,005, FILED 9–19–1994.

DONNA MIRMAN, EXAMINING ATTORNEY

Int. Cl.: 33

Prior U.S. Cl.: 49

**United States Patent and Trademark Office**
10 Year Renewal

Reg. No. 582,789
Registered Nov. 24, 1953
Renewal Term Begins Nov. 24, 1993

## TRADEMARK
## PRINCIPAL REGISTER



JACK DANIEL DISTILLERY, LEM MOTLOW, PROP., INC. (KENTUCKY CORPORATION)
LYNCHBURG, TN 37352, BY ASSIGNMENT, ASSIGNMENT, ASSIGNMENT AND CHANGE OF NAME FROM JACK DANIEL DISTILLERY, LEM MOTLOW, PROP., INC. (TENNESSEE CORPORATION) LYNCHBURG, TN

OWNER OF U.S. REG. NOS. 298,102, 513,088 AND OTHERS.

FOR: WHISKEY, IN CLASS 49 (INT. CL. 33).

FIRST USE 0-0-1875; IN COMMERCE 0-0-1875.

SER. NO. 71-634,575, FILED 8-28-1952.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Aug. 24, 1993.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Registered Nov. 24, 1953

Registration No. 582,789

## PRINCIPAL REGISTER
### Trade-Mark

# UNITED STATES PATENT OFFICE

Jack Daniel Distillery, Lem Motlow, Prop., Inc.,
Lynchburg, Tenn.

Act of 1946

Application August 28, 1952, Serial No. 634,575



### STATEMENT

Jack Daniel Distillery, Lem Motlow, Prop., Inc., a corporation duly organized and existing pursuant to the laws of the State of Tennessee, located and doing business at Lynchburg, county of Moore, in said State, has adopted and is using the trade-mark shown in the accompanying drawing, for WHISKEY, in Class 49, Distilled alcoholic liquors, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trade-mark being applied by printing or lithographing the same on labels that are fastened to the containers and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used on whiskey in 1875, and first used in commerce which may lawfully be regulated by the Congress, viz., commerce among the several States on whiskey in 1875. Such first usage was by applicant's predecessor, Jack Daniel, now deceased.

Applicant owns Registrations Nos. 298,102, 323,914, 394,017, 394,018, 441,002, and 513,088.

JACK DANIEL DISTILLERY,
LEM MOTLOW, PROP., INC.,
By REAGOR MOTLOW,
President.

COMB. AFF. SEC. 8 & 15

DEC 9 - 1958

EXHIBIT 2

















